[Civ. No. 2419. Second Appellate District.—October 4, 1917.]

## WALTER FACUNDAS et al., Petitioners, v. FAY CURTIS, City Clerk, etc., Respondent.

ELECTION LAW—RECALL OF CITY TRUSTEES—SUFFICIENCY OF PETITION.— A petition for the recall of city trustees sufficiently complies with the requirements of the act of 1911 (Stats. (Ex Sess.) 1911, p. 128), providing for the recall of elective officers of incorporated cities and towns, where the petition as filed consisted of five sections all fastened together, with each of such sections consisting of three or more sheets fastened together under a separate cover, and each section consisting of a copy of the petition, followed by the signatures, and an affidavit of the person who circulated the petition declaring that he saw written the signatures appended to the petition, and that according to his best information and belief each was the genuine signature of the person whose name purported to be thereunto subscribed.

APPLICATION for a Writ of Mandamus originally made to the District Court of Appeal for the Second Appellate District to compel a city clerk to certify to the sufficiency of a recall petition.

The facts are stated in the opinion of the court.

Edson Abel, for Petitioners.

Emmons & Johnstone, for Respondent.

CONREY, P. J.—This is a proceeding in *mandamus* to compel the defendant, as city clerk of the city of Taft, to certify the sufficiency of a petition for the recall of two trustees of that city.

The only point urged on behalf of the respondent relates to the form of the recall petition. He claims that the petition does not comply with that portion of the statute which reads as follows: "The signatures to the petition need not all be appended to one paper. . . . Each such separate paper shall have attached thereto an affidavit made by a qualified elector of the city or town, . . . and sworn to before an officer competent to administer oaths, stating that the affiant circulated that particular paper and saw written the signatures appended thereto; and that according to the best information and belief of the affiant, each is the genuine signature of the

person whose name purports to be thereunto subscribed, and of a qualified elector of the city or town. . . ." (Stats. (Ex. Sess.) 1911, p. 128; Deering's Gen. Laws (1915 ed.), p. 1219.)

The petition as filed consists of five sections, all fastened together. Each of those sections consists of three or more sheets fastened together under a separate cover. Each section consists of a copy of the petition, followed by the signatures. Following the signatures and constituting the last page inside the cover of that section is an affidavit of the person who circulated the same, in which affiant says: "That he is a qualified elector of the city of Taft, county of Kern, state of California; that he personally circulated the within and foregoing petition and saw written the signatures appended thereto; that according to his best information and belief, each is the genuine signature of the person whose name purports to be thereunto subscribed, and of a qualified elector of the city of Taft, county of Kern, state of California."

It is our opinion that the petition as thus prepared and filed sufficiently complies with the foregoing provisions of the statute. This being so, and since it is not denied that the number of signatures is actually sufficient to comply with the requirements of the law, as alleged by the plaintiffs herein, we are satisfied that the peremptory writ should issue, and it is so ordered.

Shaw, J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 3, 1917.